**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Jose Reginaldo VELASQUEZ–VELA,
Defendant-Appellant.**

**No. 26794.**

United States Court of Appeals, Ninth Circuit.

May 28, 1971.

Rehearing Denied June 24, 1971.

---

John C. Stephenson (argued), Seattle, Wash., for defendant-appellant.

Jack C. Wong (argued), Asst. U. S. Atty., Portland, Or., Stan Pitkin, U. S. Atty., Seattle, Wash., for plaintiff-appellee.

Before JERTBERG, ELY and KILKENNY, Circuit Judges.

PER CURIAM:

Following trial to the court sitting without a jury, a jury having been expressly waived in writing, appellant was convicted of violating 8 U.S.C. § 1326.[1]

He was sentenced to the custody of the Attorney General for a period of two years, on condition that he be confined in a jail type or treatment institution for a period of six months. The execution of the remainder of the sentence was suspended and appellant was placed on probation for a period of eighteen months.

Prior to trial appellant filed two motions to have his father brought to Seattle, Washington, from Mexico, at Government expense, to testify in his behalf.[2] These motions were denied by the district court.

At the trial the Government offered documentary proof that the defendant had been convicted after a guilty plea on May 23, 1966, in the United States District Court for the District of Oregon, of violating 8 U.S.C. § 1326; that following the service of his sentence he had been deported; and appellant's written admission that he had not been naturalized since the date of his earlier conviction.

Appellant's defense to the charge set forth in the indictment was that he acquired United States citizenship at birth, deriving the same from his father whom appellant claimed was a citizen of the United States, having been born in the State of Texas, of which fact appellant was unaware at the time of his conviction by a plea of guilty in the United States District Court for the District of Oregon, above mentioned, and that he first learned of his father's birth in Texas while he was in the penitentiary serving the sentence imposed on the Oregon conviction.

Testifying in his own behalf at the trial held on August 31, 1970, appellant testified:

That he was 26 years of age; that he was born in Acuna, Coahuila, Mexico, on

---

1. 8 U.S.C. § 1326.
"Any alien who—
(1) has been arrested and deported or excluded and deported, and thereafter
(2) enters, * * *, or is at any time found in, the United States, * * *, shall be guilty of a felony, and upon con-viction thereof, be punished by imprisonment of not more than two years, or by a fine of not more than $1,000, or both."

2. One of the motions, in the alternative, asked that the testimony of the father be taken on written interrogatories.

March 3, 1943; that his birth had been legitimated under the laws of Mexico; that he lived his first seven years in Del Rio, Texas, with his mother, and that his father brought him back to Mexico after he was nine years old.

There was received in evidence on behalf of appellant a delayed birth certificate filed May 19, 1947, in the Bureau of Vital Statistics for the State of Texas, purporting to show that a person bearing the same name as appellant's father was born November 11, 1912, at Del Rio, Texas.

In lieu of the presence of appellant's father to testify at the trial, counsel for the appellant made the following offer of proof:

"Perhaps I should state for the record that if his father were present here today, if he had been provided the funds for bringing him to Seattle for this trial, the evidence to which I believe he would testify would indicate that the defendant, well first, that Martin Martinez was a citizen of the United States, born in Del Rio Texas in 1912, and that the defendant, his son, was born in Mexico, I believe in 1943, and that the defendant is in fact a United States citizen. That would be our offer of proof if this witness were available."

On the summarized record of the trial proceedings, the district court determined that appellant was guilty of the offense set forth in the indictment.

While stated in several different ways, appellant's main contention on this appeal is that the district court, by erroneous application of the doctrine of collateral estoppel,[3] precluded appellant from presenting his defense that he was a citizen of the United States at birth, deriving the same from his father.

The record does not support such contention. It shows that the testimony of appellant, as summarized above, and the birth certificate were received in evidence over the objection of Government counsel on the ground that the judgment in the prior prosecution against appellant in the United States District Court for the District of Oregon, in which it was determined that appellant was an alien, precluded the appellant from relitigating that fact in the prosecution of the case then before the court.

Appellant's claim of United States citizenship is predicated upon 8 U.S.C. § 1401, which provides:

"(a) The following shall be nationals and citizens of the United States at birth:

\*     \*     \*     \*     \*     \*

"(7) a person born outside the geographical limits of the United States and its outlying possessions of parents one of whom is an alien, and the other a citizen of the United States who, prior to the birth of such person, was *physically present in the United States or its outlying possessions for a period or periods totaling not less than ten years*, at least five of which were after attaining the age of fourteen years: \*  \*,  \*."
(Italics ours.)

For the purposes of this opinion only, we assume to be true that appellant was born in Mexico in 1943; that his father was born in the State of Texas in 1912; and that appellant's paternity was established by legitimation as required by 8 U.S.C. § 1409(b).

Notwithstanding all of the foregoing assumptions and giving effect to the non-conclusionary allegations appearing in the offer of proof, it is readily apparent that appellant has failed to prove, and did not offer to prove, his United States citizenship under 8 U.S.C. § 1401(a) (7), which requires the physical presence of appellant's father in the United States or its outlying possessions for a period or periods totaling not less than ten years prior to the birth of appellant.

In light of the entire record, we conclude that the district court properly de-

---

3. See Pena-Cabanillas v. United States, 394 F.2d 785 (9th Cir. 1968).

nied appellant's pretrial motions respecting the presence or deposition of appellant's father.

The judgment appealed from is affirmed.